# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS

## HOUSTON DIVISION

| | | |
|---|---|---|
| **THI THUY HANG THAI, QUOC HUNG LE, T.K.V.L., T.Q.T.L.;** | ) | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR WRIT OF MANDAMUS** |
| **and** | ) ) | |
| **LY LY LE, VAN DUNG NGUYEN, LE HAO KHANG NGUYEN, LE TRANG NGHI NGUYEN;** | ) ) | |
| **and** | ) | **CIVIL ACTION NO.** |
| **THI THANH HA VU, VAN HOAN VU, P.H.V., G. H. V., HOANG HAI VU;** | ) ) | **4:24-CV-04867** |
| | ) | **AGENCY CASE** |
| **and** | ) | **NUMBERS:** |
| **THI MINH THAO LE, HUU HUY LE, N.H.L., H.N.L.;** | ) ) | |
| **and** | ) | **WAC2490122077** |
| | ) | **WAC2426950294** |
| **CUC THI LE, ANTONINO ALANIS;** | ) | **WAC2426950291** |
| **and** | ) ) | **WAC2426950290** |
| **TRA SON NGUYEN;** | ) | |
| **and** | ) | **WAC2490117748** |
| | ) | **WAC2426250035** |
| **TAM NGUYEN MINH NGO;** | ) ) | **WAC2426250032** |
| ***Plaintiffs,*** | ) | **WAC2426250031** |
| **v.** | ) | |
| | ) | **WAC2390063082** |
| **ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security, in his official capacity as well as his successors and assigns;** | ) ) ) | **WAC2315750451** **WAC2315750449** **WAC2315750448** |
| **and** | ) | **WAC2315750447** |

MERRICK GARLAND, Attorney General of the United States, in his official capacity as well as his successors and assigns;

and

UR MENDOZA JADDOU, Director, U.S. Citizenship and Immigration Services, in her official capacity, as well as her successors and assigns;

and

TRACY TARANGO, Deputy Director, California Service Center, U.S. Citizenship and Immigration Services, in her official capacity, as well as her successors and assigns;

and

ALISSA EMMEL, Chief, Immigrant Investor Program Office, U.S. Citizenship and Immigration Services, in her official capacity, as well as her successors and assigns,

and

LISA KEHL, District Director of Dallas USCIS Field Office of the U.S. Citizenship and Immigration Services, in her official capacity, as well as her successors and assigns,

and

CHRISTOPHER A. WRAY, Director of Federal Bureau of Investigation, in his official capacity, as well as his successors and assigns,

*Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

WAC2190080621

WAC2122150148

WAC2122150147

WAC2122150146

IOE0913538299

IOE0913538300

IOE8766115435

WAC1790315877

WAC1990316497

**REQUEST FOR
ORAL ARGUMENT**

---

## FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR WRIT OF MANDAMUS

Plaintiffs, THI THUY HANG THAI, QUOC HUNG LE, T.K.V.L., T.Q.T.L., (hereinafter "Plaintiff Thai-Les"); LY LY LE, VAN DUNG NGUYEN, LE HAO KHANG NGUYEN, LE TRANG NGHI NGUYEN, (hereinafter "Plaintiff Le-Nguyens"); THI THANH HA VU, VAN

HOAN VU, P.H.V., G. H.V., HOANG HAI VU, (hereinafter "Plaintiff Vus"); THI MINH THAO LE, HUU HUY LE, N.H.L., H.N.L., (hereinafter "Plaintiff Les"); CUC THI LE, ANTONINO ALANIS, (hereinafter "Plaintiff Alanis-Les"); TRA SON NGUYEN, (hereinafter "Plaintiff Nguyen"); and TAM NGUYEN MINH NGO, (hereinafter "Plaintiff Ngo"); through their undersigned counsel, allege as follows:

## I.    INTRODUCTION

1.    This First Amended Complaint for Declaratory and Injunctive Relief and for Writ of Mandamus has been amended 17 times. Exhibits BB-EE are added.

2.    This civil action seeks to compel unreasonably delayed government actions on the adjudication of their immigration petitions: (a) three (3) I-829 Petitions by Investor to Remove Conditions on Permanent Resident Status (hereafter "I-829 petitions"), along with their beneficiaries. (b) two (2) I-526 Petition by Alien Entrepreneur (hereafter "I-526 petitions"), along with their beneficiaries, (c) one (1) concurrent filing of a I-130 Petition for Alien Relative, (hereafter "I-I30 petition") and I-485 Application to Register Permanent Residence or Adjust Status (hereafter "I-485 application").

3.    Plaintiff Thai-Les moved to the United States on August 25, 2022, residing in Cypress, Texas, Harris County. They bought a house valued at USD $440,000.00. *See* Declaration of Thi Thuy Hang Thai, Exhibit A.

4.    Plaintiff Thi Thuy Hang Thai properly filed her I-829 petition with Defendant USCIS, including beneficiaries.  They paid $9,525.00 in filing and biometric fees with their I-829 petition. On June 6, 2024, USCIS confirmed receipt of Plaintiff Thai-Les' I-829 Petition. *See* USCIS I-829 Receipt Notices for Plaintiff Thai-Les, Exhibit B.

5.    Plaintiff Thai-Les' I-829 petition has been pending for more than 186 days (or 6.097 months). *See* Exhibit C, Plaintiff Thai-Les: Calculat.io Results (as of December 9, 2024).

6.    Plaintiffs Le-Nguyens moved to the United States on August 15, 2022, residing at Dunedin, Florida. *See* Declaration of Ly Ly Le, Exhibit D.

7.    Plaintiff Ly Ly Le properly filed her I-829 Petition with Defendant USCIS, including beneficiaries. They paid $9,525.00 in filing and biometric fees with their I-829 petition. On May 28, 2024, USCIS confirmed receipt of Plaintiff Le-Nguyens' I-829 Petition. *See* USCIS I-829 Receipt Notices for Plaintiff Le-Nguyens, Exhibit E.

8.    Plaintiff Le-Nguyens' I-829 petition has been pending for more than 195 days (6.358 months). *See* Exhibit F, Plaintiff Le-Nguyens: Calculat.io Results.

9.    Plaintiff Vus moved to the United States on June 21, 2021, residing at Southlake, Texas. Their house is valued at USD $1,670,000.00. *See* Declaration of Thi Thanh Ha Vu, Exhibit G.

10.    Plaintiff Thi Thanh Ha Vu properly filed her I-829 Petition with Defendant USCIS, including beneficiaries. They paid $4,090.00 in filing and biometric fees with their I-829 petition. On March 24, 2023, USCIS confirmed receipt of Plaintiff Vus' I-829 Petition. *See* USCIS I-829 Receipt Notices for Plaintiff Vus, Exhibit H.

11.    Plaintiff Vus' I-829 petition has been pending for more than 626 days (20.491 months). *See* Exhibit I, Plaintiff Vus: Calculat.io Results.

12.    Plaintiff Les moved to the United States on May 29, 2019, residing at Grand Prairie, Texas. Their house is valued at USD $350,000.00. *See* Declaration of Thi Minh Thao Le, Exhibit J.

13.     Plaintiff Thi Minh Thao Le properly filed her I-829 petition with Defendant USCIS, including beneficiaries.  They paid $3,920.00 in filing and biometric fees with their I-829 petition. On April 28, 2021, USCIS confirmed receipt of Plaintiffs Les' I-829 Petition. *See* USCIS I-829 Receipt Notices for Plaintiffs Les, Exhibit K.

14.     Plaintiff Les' I-829 petition has been pending for more than 1,322 days (or 43.39 months). *See* Exhibit L, Plaintiff Les: Calculat.io Results.

15.     Plaintiff Alanis-Les married on June 28, 2021, and they currently reside at Garland, Texas.  *See* Declaration of Cuc Thi Le, Exhibit M and Declaration of Antonino Alanis, Exhibit N.

16.     Plaintiff Cuc Thi Le properly filed her I-485, Application to Register Permanent Residence or Adjust Status with Defendant USCIS, under the category of immediate relative of a U.S. citizen. She paid $1,140.00 in filing and biometric fees with her I-485 application. The Application was concurrently filed with a properly filed I-130 petition by Plaintiff Cuc Thi Le's husband, Plaintiff Antonino Alanis. He paid $535.00 in filing fees with his I-130 petition. On September 20, 2021, USCIS confirmed receipt of the petition and application. *See* USCIS I-485 & I-130 Receipt Notices for Plaintiff Alanis-Les, Exhibit O.

17.     Plaintiff Alanis-Les' concurrent filing of I-485 application and I-130 petition have been pending for more than 1,177 days (or 38.657 months). *See* Exhibit P, Plaintiff Alanis-Les' Calculat.io Results.

18.     Plaintiff Tra Son Nguyen ("Plaintiff Nguyen") resides in Ho Chi Minh City, Vietnam with his family, Sa Thi Nhu Do, Hai Son Nguyen, Tran Do Bao, and Long Do Hoang Nguyen.  *See* Declaration of Tra Son Nguyen, Exhibit Q.

19.    On May 1, 2017, Plaintiff Tra Son Nguyen filed his I-526 petition with Defendant USCIS, seeking lawful permanent residency based on a substantial investment in a U.S. property or enterprise.  He paid $3,675.00 in filing fees with his I-526 petition. He then had to re-file a I-526E Immigrant Petition by Regional Center Investor, along with the payment of $3,675.00. USCIS received it on March 5, 2024, but did not issue the original received date of May 1, 2027, as IPO stated.  *See* Id, and USCIS I-526 Receipt Notice for Plaintiff Nguyen, Exhibit R.

20.    Plaintiff Nguyen's I-526 petition has been pending for more than 2,780 days (or 91.29 months) based on original receipt date. On new receipt date, his petition has been pending for 280 days (9.161 months). *See* Exhibit S, Plaintiff Nguyen's Calculat.io Results.

21.    Plaintiff Tam Nguyen Minh Ngo ("Plaintiff Ngo") resides in Ho Chi Minh City, Vietnam with wife, Trang Minh Tang, and their two sons, D. M. N. and P. M. N.  *See* Declaration of Tam Nguyen Minh Ngo Exhibit BB.

22.    On August 6, 2019, Plaintiff Ngo filed his I-526 petition with Defendant USCIS, seeking lawful permanent residency based on a substantial investment in a U.S. property or enterprise.  He paid USD $3,675.00 in filing fees with his I-526 petition. *See* Id, and USCIS I-526 Receipt Notice for Plaintiff Ngo, Exhibit CC.

23.    Plaintiff Ngo's I-526 petition has been pending for more than 1,974 days (or 64.81 months). *See* Exhibit DD, Plaintiff Ngo's Calculat.io Results.

24.    Defendant USCIS issued Form I-797C, Notices of Action, assigning USCIS receipt numbers on the following dates:

a.    May 1, 2017: WAC1790315877;

b.    August 6, 2019: WAC1990316497;

    c.      April 28, 2021: WAC2190080621, WAC2122150148, WAC2122150147, WAC2122150146;

    d.      September 20, 2021: IOE0913538299, IOE0913538300

    e.      March 24, 2023: WAC2390063082, WAC2315750451, WAC2315750449, WAC2315750448, WAC2315750447;

    f.      March 5, 2024: IOE8766115435

    g.      May 28, 2024: WAC2490117748, WAC2426250035, WAC2426250032, WAC2426250031;

    h.      June 06, 2024: WAC2490122077, WAC2426950294, WAC2426950291, WAC2426950290;

*See* Exhibits B, E, H, K, O, R.

25.    Defendant USCIS has published current "processing times" for petitions and applications online, revealing the following processing times for:

    a.      Form I-130 petition = 16 months (1.33 years)

    b.      Form I-485 petition = 15 months (1.25 years)

    c.      Form I-526 application = 58 months (4.83 years)

    d.      Form I-829 petition = 54.5 months (4.54 years)

*See* USCIS Processing Time Report, Exhibit T, (as of December 9, 2024).

26.    Historic USCIS processing times are published by Defendant USCIS and reveal the following processing times for Form I-130 petitions:

    a.      FY 2021 = 10.2 months

*See* Exhibit U, USCIS Historical National Median Processing Times (Up to October 31, 2024).

27.    Defendant USCIS's current Form I-130 application processing times of 16 months are unreasonable considering historic I-130 processing times noted above, 10.2 months, *See* Ex.T and *Id.*

28.    Historic USCIS processing times are published by Defendant USCIS and reveal the following processing times for Form I-485 application:

a.    FY 2021 = 12.9 months

*See* Ex. U.

29.    Defendant USCIS's current Form I-485 application processing times of 15 months is unreasonable considering historic I-485 processing times noted above, 12.9 months, *See* Ex. T and *Id.*

30.    Historic USCIS processing times are published by Defendant USCIS and reveal the following processing times for Form I-526 application:

a.    FY 2017 = 16.6 months (1.38 years)

b.    FY 2019 = 19.0 months (1.58 years)

c.    FY 2024 = 53.8 months (4.48 years)

*See* Ex. U.

31.    Defendant USCIS's current Form I-526 application processing times of 58 months is unreasonable considering historic I-526 processing times noted above, 16.6-53.8 months, *See* Ex. T and *Id.*

32.    Historic USCIS processing times are published by Defendant USCIS and reveal the following processing times for Form I-829 petitions:

a.    FY 2021 = 34.5 months

b.    FY 2023 = 49.4 months

c.    FY 2024 = 41.0 months

*See* Ex. U.

33.    Defendant USCIS's current Form I-829 petition processing times of 54.5 months is unreasonable considering historic I-829 processing times noted above, 34.5-41.0 months, See Ex. T and *Id.*

34.    The Administrative Procedure Act ("APA") requires that administrative agencies conclude matters presented to them "within a reasonable time."   5 U.S.C. § 555(b).

35.    This action seeks injunctive and mandamus relief to compel Defendant USCIS to adjudicate Plaintiffs' subject Form I-130 petitions, Form I-485 application, Form I-526 petition, & Form I-829 petitions within a reasonable time.

36.    The APA provides that a person adversely affected by agency action is entitled to judicial review. *See* 5 U.S.C. § 702. A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

37.    On October 30, 2024, Plaintiff Thai-Les attempted to contact USCIS via e-request, and this request was issued a receipt number, SR13042403076IIP. On November 15, 2024, USCIS responded back that their case is pending at the Immigrant Investor Program Office. The IIPO office also confirmed through e-mail on November 6, 2024.

They then requested a Cis Ombudsman on November 7, 2024, and the request was issued a request number, 20240134828. They then contacted Texas Senator John Cornyn and requested his assistance with this delayed I-829 petition on November 8, 2024. Lastly, they chatted with Emma to request case status on November 9, 2024, specifically with USCIS Representative Camryn, agent ID G-010614. The response was: the last status is biometric complete. Your case is in process keep waiting.  These exhaustive efforts made by Plaintiff Thai-Les were without success. *See* Exhibit A.

38.    Plaintiff Thai-Les' I-829 petition is still pending. *See* Exhibit V, Current Case Statuses for Plaintiff Thai-Les.

39.    On November 4, 2024, Plaintiff Le-Nguyens contacted USCIS via e-request, issued request number SR13092404112IIP. They then requested a Cis Ombudsman in contacting USCIS on November 5, 2024, and the request was issued a request number, 20240135285. They also emailed IPO on November 6, 2024. They then requested help from Congress through Florida Senator Rick Scott for his assistance on November 7, 2024. Lastly, they chatted with Emma on November 8, 2024, specifically with USCIS Representative Martha, agent ID G-028530, and the response was that the case is still processing normally.  These exhaustive efforts made by Plaintiff Le-Nguyens were without success. *See* Ex. D.

40.    Their I-829 petition is still pending. *See* Exhibit W, Current Case Statuses for Plaintiffs Le-Nguyens.

41.    On November 18, 2024, Plaintiff Vus contacted USCIS via e-request, issued request number SR1323404140IIP. They then requested a Cis Ombudsman in contacting USCIS on November 19, 2024, and the request was issued a request number,

20240137624. They also requested help from Congress through Texas Senator John Cornyn for his assistance on November 21, 2024.They then chatted with Emma on November 22, 2024, specifically with USCIS Representative Ivy, agent ID G-708555, and the response was that the case is still pending and still within normal processing times. Lastly, they emailed IPO on November 25, 2024.  These exhaustive efforts made by Plaintiffs Vus were without success. *See* Ex. G.

42.    Their I-829 petition is still pending. *See* Exhibit X, Current Case Statuses for Plaintiff Vus.

43.    On September 17, 2024, Plaintiff Les contacted USCIS via e-request, issued service number SR12612404142IIP. They emailed IPO on October 24, 2024. They then contacted Texas Senator Ted Cruz and requested his assistance with this delayed I-829 petition on November 5, 2024. Lastly, they requested CIS Ombudsman case assistance in contacting USCIS to request for the processing of their I-829 petition, issued request number 20240136651, on November 12, 2024. These exhaustive efforts made by Plaintiff Les were without success. *See* Exhibit J.

44.    Plaintiff Les' I-829 petition is still pending. *See* Exhibit Y, Current Case Statuses for Plaintiff Les.

45.    Through Plaintiff Alanis-Les' attorney, the USCIS Dallas Field Office reopened their I-130 petition on March 15, 2023, and their I-485 application on September 30, 2024. Plaintiff Alanis-Les then submitted an inquiry to USCIS, issued service number SR11842303015DAL, on July 3, 2025. USCIS responded back 2 days later that there would be an anticipated delay of six months. On August 14, 2023, a second inquiry was made to USCIS, issued service number SR12262306306DAL, but USCIS incorrectly

responded regarding an unrelated N-400 application. They then chatted with Emma, Verification #29880237, on August 25, 2023, and USCIS stated they would call back within 30 days. No call was received. On March 15, 2024, they reached out to Texas Congressman Representative Colin Allred, and USCIS responded to wait at least 180 days for further updates. After 180 days had passed, they called USCIS, request number T1B2972403805DAL, and was yet again advised to wait another 180 days. On November 13, 2024, they chatted with Emma, specifically with Agent ID G-026483 These exhaustive efforts made by Plaintiff Alanis-Les were without success. *See* Exhibit M and N.

46.    Plaintiff Alanis Les' concurrent filing of I-130 petition and I-485 application is still pending. *See* Exhibit Z, Current Case Statuses for Plaintiff Alanis-Les.

47.    On February 9, 2024, the IIPO allowed Plaintiff Nguyen to re-submit the I-526 package and that the new receipt will reflect the original receipt date of May 1, 2027. On March 5, 2024, USCIS issued a new I-526E receipt number with a new priority date of March 5, 2024, instead. On July 24, 2024, Plaintiff Nguyen e-mailed IIPO, requesting that an officer consider granting the original priority date. On November 5, 2024, Plaintiff Nguyen attempted to check status of his case, but the USCIS website stated that the receipt number entered is invalid. His attorney then contacted USCIS via e-request and was issued confirmation number SR13122403702IIP on November 12, 2024, requesting a case status. On November 13, 2024, the IIPO responded that the case is currently pending at the Immigrant Investor Program Office. A Cis-Ombudsman request was made on November 15, 2024, and was issued CIS Ombudsman Request Number 20240137026. Lastly, Plaintiff Nguyen reached out to California U.S. Senator Alex Padilla again for his

assistance on his case on November 25, 2024.  These exhaustive efforts made by Plaintiff Nguyen were without success. *See* Ex. Q.

48.    His I-526 petition is still pending. *See* Exhibit AA, Current Case Status for Plaintiff Nguyen.

49.    From December 30, 2022, to December 26, 2024, Plaintiff Ngo contacted USCIS via e-request, asking for status on his I-526 petition. The most request receipt number is SR13612426224IIP.  On February 9, 2023, and December 26, 2024, Plaintiff Ngo e-mailed IPO to check on his case. A Cis-Ombudsman request was made on December 26, 2024, and was issued CIS Ombudsman Request Number 20240142688. He even called USCIS at 1-800-375-5283 and spoke to Agent ID G320757 as well as chatted with Emma, chat agent ID 600969. Lastly, Plaintiff Ngo reached out to New York U.S. Senator Chuck Schumer for his assistance on his case. These exhaustive efforts made by Plaintiff Ngo were without success. *See* Ex. BB.

50.    His I-526 petition is still pending. *See* Exhibit EE, Current Case Status for Plaintiff Ngo.

51.    As a result of these USCIS delays, Plaintiffs suffer immediate and future harm in the form of uncertainty, distress, family stress, and personal and professional disruption. *See* Ex. A, D, G, J, M, N, Q, and BB.

52.    Plaintiffs seek an order from this Honorable Court directing defendants to complete all necessary steps, including adjudication of the Plaintiffs' subject pending I-130 petition, I-485 application, I-526 petition, and I-829 petitions within fourteen (14) days from an Order of this Court.

53.     Plaintiffs are entitled to attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504 and 28 U.S.C. § 2412(d), *et seq*.

## II.     JURISDICTION

54.     This Honorable Court's subject matter jurisdiction over the claims alleged in this action under: (1) 28 U.S.C. § 1331 (federal question jurisdiction), because Plaintiffs' claims arise under the laws of the United States, including 5 U.S.C. §§ 555 and 701, *et seq*. ("APA"), 8 U.S.C. § 1101, *et seq*. ("INA") (including 8 U.S.C. § 1182).  This court may grant relief in this action under 5 U.S.C. §§ 553, *et seq*. and §§ 701 *et seq*.; and 28 U.S.C. §§ 2201, *et seq*. (Declaratory Judgment Act).

55.     This Honorable Court is not deprived of jurisdiction by 8 U.S.C. § 1252, INA § 242. *See e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (finding that INA § 242 does not bar a claim challenging agency authority that does not implicate discretion). Generally, a narrower construction of jurisdiction-stripping provision is favored over the broader one, as reflected by the "familiar principle of statutory construction: the presumption favoring judicial review of–administrative action." *Kucana v. Holder*, 130 U.S. 827, 839 (2010).  Absent "clear and convincing evidence" of congressional intent specifically to eliminate review of certain administrative actions, the above-cited principles of statutory construction support a narrow reading of the jurisdiction-stripping language of 8 U.S.C. § 1252(a)(2)(B)(ii).  *Id.*, at 839. *See also Geneme v. Holder*, 935 F.Supp.2d 184, 192 (D.D.C. 2013) (discussing *Kucana*'s citation to a presumption favoring judicial review of administrative action when statute does not specify discretion).

56.     8 U.S.C. § 1252(a)(5), INA § 242(a)(5), provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole

and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action is not an action to review a removal order but an action challenging unreasonable delays in the processing of Plaintiffs' subject I-130 petition, I-485 application, I-526 petition, and I-829 petitions, this Honorable Court retains original jurisdiction under the APA and 28 U.S.C. § 1331, as well as for declaratory relief under 28 U.S.C. § 2201. *See also Ahmadi v. Chertoff*, 522 F. Supp. 2d 816, 819 (N.D.Tex. 2007) ("The Court is well aware that it does not have jurisdiction to review a judgment regarding the granting or denial of an adjustment of status (AOS) application, but the question presented is whether the Court has jurisdiction to review the failure to make a judgment. Section 1252(a)(2)(B) does not speak to that question.") (Emphasis in original).

### III. VENUE

57.     Venue is proper with this Court, pursuant to 28 U.S.C. § 1391(e), because this is a civil action in which defendants are officers or employees of the United States or any agency thereof acting in his or her official capacity or under color of legal authority, and Plaintiff THI THUY HANG THAI and family (Plaintiff Thai-Les) reside in this district, in Cypress, Texas, Harris County. No real property is involved in this action.

### IV. PARTIES

58.     Plaintiffs are Southeast Asian citizens or are married to a Southeast Asian citizen, who either sponsored a spouse through Form I-130 Petition for Alien Relative, applied for adjustment of status through Form I-485 Application to Register Permanent Residence or Adjust Status, or applied through the USCIS EB-5 program by way of Form I-526 petition and Form I-829 petition.

59.     "Plaintiff Thai Les": THI THUY HANG THAI, QUOC HUNG LE, T.K.V.L., T.Q.T.L., reside in Cypress, Texas.  *See* Ex. A.

60.     "Plaintiff Le-Nguyens": LY LY LE, VAN DUNG NGUYEN, LE HAO KHANG NGUYEN, LE TRANG NGHI NGUYEN, reside in Dunedin, Florida. *See* Ex. D.

61.     "Plaintiff Vus": THI THANH HA VU, VAN HOAN VU, P.H.V., G. H.V., HOANG HAI VU, reside in Southlake, Texas. See Ex. G.

62.     "Plaintiff Les": THI MINH THAO LE, HUU HUY LE, N.H.L., H.N.L., reside in Grand Prairie, Texas. *See* Ex. J.

63.     "Plaintiff Alanis-Les": CUC THI LE and ANTONINO ALANIS, reside in Garland, Texas. *See* Ex. M and N.

64.     "Plaintiff Nguyen": TRA SON NGUYEN resides in Ho Chi Minh City, Vietnam with his family, Sa Thi Nhu Do, Hai Son Nguyen, Tran Do Bao, and Long Do Hoang Nguyen. *See* Ex. Q.

65.     "Plaintiff Ngo": TAM NGUYEN MINH NGO resides in Ho Chi Minh City, Vietnam with his family, Trang Minh Tang, Duc Minh Ngo, and Phuc Minh Ngo. *See* Ex. BB.

66.     Alejandro Mayorkas is the Secretary of the Department of Homeland Security (hereinafter "DHS"), and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with overseeing the DHS, which includes sub-agency USCIS, and with implementing the INA.  He is further authorized to delegate certain powers and authority to subordinate employees of the USCIS, which is an

agency within the DHS. DHS is headquartered at 245 Murray Lane, S.W., Mail Stop 0485 Washington, DC 20528.

67.    Merrick Garland is the Attorney General of the United States, and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged with certain functions involved in the implementation of the INA (including completion of background checks for applicants for immigration benefits) and is further authorized to delegate certain powers and authority to subordinate employees of the FBI, which is an agency within the U.S. Department of Justice. The DOJ is headquartered at 950 Pennsylvania Avenue, N.W., Room 1111, Washington, DC 20530. According to a memorandum dated July 5, 2023, service on the United States Attorney in civil cases shall be via email and US mail as follows: A copy of any summons, complaint, or emergency motion shall be emailed to USATXS.CivilNotice@usdoj.gov. A paper copy shall be mailed to the Civil Process Clerk, United States Attorney's Office, 1000 Louisiana St., Suite 2300, Houston, Texas 77002.

68.    Ur Mendoza Jaddou is the Director of the USCIS, who is named herein only in her official capacity, as well as her successors and assigns. She is generally charged with the implementation of the INA and is further authorized to delegate certain powers and authority to subordinate employees of the USCIS. USCIS is specifically assigned the adjudication of I-130 applications, I-485 petitions, I-526 petitions, and I-829 petitions. USCIS is headquartered at 5900 Capital Gateway Drive, Mail Stop #2120, Washington, DC 20529.

69.    Tracy Tarango is the Acting Director of the California Service Center ("CSC") of the USCIS, who is named herein only in her official capacity, as well as her

successors and assigns. She oversees operations of the CSC, including the processing of Plaintiffs' I-829 petitions. Her capacity requires her to delegate certain powers and authority to subordinate employees of Defendant USCIS. USCIS is headquartered at 5900 Capital Gateway Drive, Mail Stop #2120, Washington, DC 20529.

70.    Alissa Emmel is the Chief of the Immigrant Investor Program Office ("IIPO") of the USCIS, who is named herein only in her official capacity, as well as her successors and assigns. She oversees the EB-5 Program including the vetting and approval of EB-5 Regional Centers, promulgating regulations on the types and forms of investment permitted in the EB-5, among other duties. Her capacity requires her to delegate certain powers and authority to subordinate employees of the USCIS. USCIS Immigrant Investor Program Office is located at 131 M Street NE, 3rd Floor, Mail Stop 2235, Washington, DC 20529.

71.    Lisa Kehl is the District Director of Dallas USCIS Field Office of the U.S. Citizenship and Immigration Services, in her official capacity, as well as her successors and assigns. Lisa Kehl is charged with any and all responsibilities and authority in the administration of immigration services and benefits in the Dallas USCIS Field Office of the USCIS. This includes supervising officers who render final adjudications for applications. Dallas USCIS Field Office is located at 6500 Campus Cir Dr. E, Irving, Texas 75063.

72.    Christopher A. Wray is the Director of the Federal Bureau of Investigation, in his official capacity, as well as his successors and assigns. He is charged with any and all responsibilities and authority in the administration of the F.B.I. This includes the

clearance of background check. Federal Bureau of Investigation office is located at 935 Pennsylvania Avenue NW, Washington, D.C. 20535.

## V. STATEMENT OF FACTS

### A.    *Process to Gain Permanent Residence in the U.S. through Investment*

73.    The Immigration and Nationality Act (INA) makes visas available to qualified immigrant investors who will contribute to the economic growth of the United States by investing in U.S. businesses and creating jobs for U.S. workers. INA § 203(b)(5) Congress created this employment-based 5th preference (EB-5) immigrant visa category to benefit the U.S. economy by providing an incentive for foreign capital investment in commercial enterprises that create or preserve U.S. jobs. *See* USCIS Policy Manual, Vol. 6 (Immigrants), Part G (Investors), Ch. 1 (Purpose and Background).[1]

74.    The U.S. government's EB-5 program allows immigrants to apply for lawful permanent residence after making a qualifying investment in the U.S.  These investors are required to commit lawfully obtained funds to an investment project in the U.S. which will create at least 10 full-time jobs for U.S. workers.  *See* USCIS Policy Manual, Vol. 6 (Immigrants), Part G (Investors), Ch. 2 (Eligibility Requirements).[2]

75.    Immigrant investors whose Form I-526 EB-5 petitions are approved may be eligible to apply for an immigrant visa to enter the U.S. and begin their conditional lawful permanent residency.  Once an EB-5 immigrant investor has held lawful permanent

---

[1] https://www.uscis.gov/policy-manual/volume-6-part-g-chapter-1#footnote-1 (last accessed on December 6, 2024).
[2] https://www.uscis.gov/policy-manual/volume-6-part-g-chapter-2 (last accessed on December 6, 2024).

residency in the U.S. for two years, they may file to have the conditions on their lawful permanent residency lifted, through the filing and approval of an I-829 petition.  *Id.*

### B. Process to Gain Permanent Residence in the U.S. through adjustment of status

76.    The Immigration and Nationality Act (INA) provides that U.S. citizens and lawful permanent residents (LPRs) may petition for certain noncitizen relatives to immigrate to the United States.  *See* USCIS Policy Manual, Vol. 6 (Immigrants), Part B (Family-based), Ch. 1 (Purpose).[3]

77.    Submitting Form I-130, Petition for Alien Relative, is the first step to help an eligible relative apply to immigrate to the United States and apply for a Green Card. *See* USCIS, Forms, All Forms, Petition for Alien Relative.[4] This form establishes a qualifying relationship between U.S. citizen or lawful permanent resident and the immigrant.

78.    After the Form I-130 is approved, the Form I-485 Application to Register Permanent Residence or Adjust Status may be submitted if the "relative is already in the United States and an immigrant visa is available".[5] This form allows for eligible temporary residents to transition to permanent status.

79.    USCIS "allow(s) concurrent filing of "petition and application concurrently where there is a visa number immediately available at the time of filing. Concurrent filing is always allowed for all immediate relatives of a United States citizen because there are not numeric limitations in this category." *See* USCIS, Green Card, Green Card Processes

---

[3] https://www.uscis.gov/policy-manual/volume-6-part-b-chapter-1 (last accessed on December 9, 2024).

[4] https://www.uscis.gov/i-130 (last accessed on December 9, 2024).

[5] https://www.uscis.gov/i-130 (last accessed on December 9, 2024).

and Procedures, Concurrent Filing of Form I-485.[6] Combining and filing these two sequential filings at the same time could potentially result in reducing the duration of an applicant's waiting time, one would expect.

### C. Processing Times

80.    While there is no statutorily mandated timeline for Defendant USCIS to process immigrant petitions, it is the sense of Congress that the processing of an immigrant benefit application should be completed not later than 180 days after the initial filing of the petition. *See* 8 USC §1571(b), *see also Anna Dyck de Thiessen, et al. v. Jeff Sessions*, 2017 WL 3940527, No. 4:17-cv-30 at *1-4 (E.D. Tex. Sept. 7, 2017) (denying USCIS's motion to dismiss, in part, based on a seventeen (17) year delay in the adjudication of plaintiff's I-829); *Pacharne v. DHS*, 565 F. Supp. 3d 785, 792-803 (N.D. Miss. Sept. 30, 2021) (granting preliminary injunction against DHS and USCIS based on a 10-to-11-month delay in processing immigrant visa applications).

81.    Defendant USCIS's published processing times for I-130 petitions, I-485 applications, I-526 petitions, and I-829 petitions, are unreasonable under the Administrative Procedure Act as being impermissibly beyond the 180-day time frame set forth by Congress in the Immigration Services and Infrastructure Improvements Act of 2000, Section 201 of Pub. L. 106-313, 8 U.S.C. § 1571(b).

82.    Plaintiffs have placed requests to have the processing of their subject I-130 petition, I-485 petition, I-526 application, and I-829 petitions expedited, either directly or through the offices of their elected representatives. *See* Ex. A, D, G, J, M, N, Q, and BB.

---

[6] https://www.uscis.gov/green-card/green-card-processes-and-procedures/concurrent-filing-of-form-i-485 (last accessed on December 9, 2024).

83. Plaintiffs have all contacted their members of congress regarding the processing delays, but the congress members were unable to offer any assistance. *Id.*

84. Plaintiffs' I-526 petition and I-829 petitions are still pending at the California Service Center and/or the Immigrant Investor Program Office. *Id.*

85. Plaintiffs Alanis-Les' concurrent I-130 petition and I-485 application filing is still pending at the USCIS Dallas Field Office. *Id.*

86. There are no further administrative remedies available to Plaintiffs to redress their grievances described herein.

## VI.    CLAIMS FOR RELIEF

### *Count I – Administrative Procedure Act, Violation by DHS/USCIS of 5 U.S.C. § 555(b)*

87. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

88. Pursuant to the Administrative Procedure Act (APA), a person adversely affected by agency action is entitled to judicial review. *See* 5 U.S.C. § 702. Agency action includes a failure to act. *See* 5 U.S.C. § 551(13).

89. The APA requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555(b).

90. A court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

91. Under the APA, Defendant USCIS has a mandatory, non-discretionary duty to complete the adjudication of Plaintiffs' subject I-130 petition, I-485 application, I-526 petition, and I-829 petitions, and to do so within a reasonable time.

92.     Under the INA and DHS regulations, DHS, through its sub-agency USCIS, has a mandatory, non-discretionary duty to adjudicate Plaintiffs' subject I-485 application, I-526 petition, and I-829 petitions. *See* 8 C.F.R. § 103.2(b) (19) (requiring a written decision on petitions and applications).

93.     Plaintiffs challenge only the reasonableness of Defendants' delays or inaction in the adjudication of the subject I-130 petition, I-485 application, I-526 petition, and I-829 petitions, not the grant or denial of these filings.

94.     Considering that Congress expressed its intent that immigration benefit applications should be adjudicated within 180 days (or 5.9 months), Defendant USCIS's current I-130 processing time of 16 months, I-485 processing time of 15 months, I-526 processing time of 58 months, and I-829 processing time of 54.5 months are unreasonable under the Administrative Procedure Act.  *See supra*.

95.     Defendants have unreasonably delayed in adjudicating Plaintiffs' subject I-130 petition, I-485 application, I-526 petition, and I-829 petitions, in violation of the 180-day processing goal set forth in 8 U.S.C. § 1571(b).

96.     Plaintiffs have exhausted any available administrative remedies, as noted above.

### Count II – Violation by DHS/USCIS of 5 U.S.C. § 701, et seq.

97.     Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

98.     The APA requires this Court to hold unlawful and set aside any agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See* 5 U.S.C. § 706(2)(A).

99.    The USCIS policy decisions to under-staff the USCIS Immigrant Investor Program Office and the California Service Center's EB-5 operations have resulted in the published I-526 processing time of 58 months and I-829 petition processing time of 54.5 months, despite Defendant USCIS charging a significant fee for each petition.  Defendant USCIS currently charges a filing fee of $11,160 for each I-526 petition (plus a $1,000 fee as required by the EB-5 Reform and Integrity Act of 2022) and $9,525 for each I-829 petition (plus $85 for biometrics for each included EB-5 recipient). The U.S. District Court for the District of Colorado held that, "[T]he imposition of a considerable mandatory adjudication fee implies that Congress intended for the [Secretary of Homeland Security] actually decide applications."  *See Kim v. USCIS*, 551 F. Supp. 2d 1528, 1262 (D. Colo. 2008).

100.    Defendant USCIS's arbitrary, capricious, *ultra vires*, and otherwise unlawful acts of refusal to timely adjudicate Plaintiffs' subject I-130 petition, I-485 application, I-526 petition, and I-829 petitions, have caused, and are causing, Plaintiffs ongoing and substantial injuries. *See* Ex. A, D, G, J, M, N, Q, and BB.

### Count III - Mandamus Action to Compel Officers of DHS/USCIS to Perform their Duty

101.    Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

102.    Plaintiffs assert claims for mandamus relief under 28 U.S.C. § 1361 which provides the authority to compel an agency to perform a duty owed to them.

103.    Defendant DHS, through its sub-agency Defendant USCIS, has a mandatory, non-discretionary duty to adjudicate Plaintiffs' petitions and applications. *See* 8 C.F.R. § 103.2(b) (19) (requiring a written decision on petitions and applications).

104.    USCIS has a mandatory, ministerial, non-discretionary duty to complete the adjudications of Plaintiffs' petitions and applications within a reasonable time.

105.    Plaintiffs challenge only the reasonableness of Defendants' delays or inaction in the adjudication of the subject petitions and applications, not the grant or denial of these filings.

106.    Plaintiffs have no other adequate remedy to compel the agency to perform its duties, since they have requested expedited processing but have not received any indication on when their petitions and applications might be adjudicated.

107.    Plaintiffs ask the Court to compel DHS Secretary Alejandro Mayorkas, USCIS Director Ur Mendoza Jaddou, California Service Center Acting Director Tracy Tarango, and Immigrant Investor Program Chief Alissa Emmel, USCIS District Director of Dallas Field Office, and FBI Director Christopher A. Wray, to perform their duties and complete the adjudication of Plaintiffs' subject pending I-130 petition, I-485 application, I-526 petition, and I-829 petitions.

## VII.    INJURIES TO PLAINTIFFS

108.    Defendants' unreasonable and unlawful delays in completing the adjudications of the subject I-130 petition, I-485 application, I-526 petition, and I-829 petitions have caused, and are causing, Plaintiffs ongoing and substantial injuries in the form of delaying the adjustment of status or removal of the conditions on Plaintiffs' lawful permanent residence in the U.S., and their eventual eligibility to naturalize to become U.S. citizens.  As such, Defendants' delays ultimately delay Plaintiffs' eligibility to enjoy and exercise the rights of U.S. citizens, including the ability to obtain U.S. passports and to vote in primary and general elections. *See* Ex. A, D, G, J, M, N, Q, and BB.

**WHEREFORE**, Plaintiffs pray that this Honorable Court:

a.      Grant their request for a Writ of Mandamus against Defendants;

b.      Declare that Defendants' delays in adjudicating Plaintiffs' subject I-130 petition, I-485 application, I-526 petition, and I-829 petitions, are unreasonable and in violation of the APA and the INA;

c.      Compel Defendants, Merrick Garland, Alejandro Mayorkas, Ur Mendoza Jaddou, Tracy Tarango, Alissa Emmel, Lisa Kehl, and Christopher A. Wray**,** to perform their duties to adjudicate Plaintiffs' subject I-130 petition, I-485 application, I-526 petition, and I-829 petitions;

d.      Compel Defendants to complete all necessary steps, including adjudication of the Plaintiffs' pending subject I-130 petition, I-485 application, I-526 petition and I-829 petitions within fourteen (14) days of an Order of this Court;

e.      Retain jurisdiction of this action for purpose of enforcing the orders issued by the Court;

f.      Grant attorney's fees, expenses, and costs of court to Plaintiffs, pursuant to 5 U.S.C. §504 and 28 U.S.C. §2412 and any other applicable statutory, common law, or Constitutional provision; and

g.      Grant them any such other relief as this Court deems just and proper at law and in equity.

Respectfully submitted on this 31st day of December 2024.

By: */s/Michael Hoc Cao, Esquire*
Michael Hoc Cao

Texas State Bar ID # 24012379
mcao@caoatlaw.com
CAO & ASSOCIATES, P.C.
10904 Scarsdale Blvd, Ste. 226
Houston, TX 77089
Tel: (281) 922-7077
Attorney for Plaintiffs